IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ADAN ZUNIGA-PEREZ,<br><br>                Defendant. | 8:14-CR-51<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for variance (filing 85).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant has filed a motion for variance (filing 85) asking for a two-level reduction in the base offense level (and, as a result, in the final offense level) based upon the amendments to U.S.S.G. § 2D1.1 that have been adopted by the United States Sentencing Commission and that, absent action of Congress to the contrary, will become effective on November 1, 2014. *See* Sentencing Guidelines for United States Courts, 79 Fed. Reg. 25,996, 26,001-06 (May 6, 2014).

   The defendant's sentencing, however, is set for November 7, 2014. Filing 62. Accordingly, absent Congressional action, the amendments to U.S.S.G. § 2D1.1 will already be in effect. And the Court is to use the Guidelines Manual in effect on the date that the defendant is sentenced. U.S.S.G. § 1B1.11(a). The Court will finally dispose of the defendant's motion at sentencing. But the Court's tentative finding is that the defendant's motion will be denied, because by the time of sentencing, the motion will almost certainly be moot.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

    Dated this 21st day of October, 2014.

                                  BY THE COURT:

                                  _____
                                  John M. Gerrard
                                  United States District Judge